MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
MILLS & ASSOCIATES
3650 North Rancho Drive, Suite 114
Las Vegas, Nevada  89130
(702) 240-6060

Attorney for Plaintiff,
Great West Casualty Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, a Nebraska Corporation<br><br>Plaintiff,<br><br>vs.<br><br>JC'S XPRESS, INC., a Nevada Corporation, MATTHEW WILLIAMS, individually and dba JAM ON IT RENO, JAM ON IT BASKETBALL ACADEMY, INC., a Nevada Corporation, DOE INDIVIDUALS I – X inclusive, and ROE BUSINESS ENTITIES I – X, inclusive,<br><br>Defendants. | CASE NO.: 08-1856<br><br>**COMPLAINT FOR**<br>**DECLARATORY RELIEF** |

COMES NOW Plaintiff GREAT WEST CASUALTY COMPANY, by and through its counsel of record, Michael C. Mills, Esq. of the law firm of Mills & Associates, and files the following Complaint for Declaratory Relief against Defendants JC'S EXPRESS, INC., MATTHEW WILLIAMS, individually and dba JAM ON IT RENO, JAM ON IT BASKETBALL ACADEMY, INC., and DOE INDIVIDUALS, I – X inclusive and ROE BUSINESS ENTITIES I-X, inclusive:

### PARTIES

1.   Plaintiff GREAT WEST CASUALTY COMPANY is a Nebraska Corporation with its principal place of business in the state of Nebraska, and has complied with the laws of the State of Nevada pertaining to corporations engaged in the business of insurance.

//

2. On information and belief, Defendant JC'S XPRESS, INC., is and at all times relevant herein was a Nevada corporation with its principal place of business in the State of Nevada.

3. On information and belief, Defendant MATTHEW WILLIAMS, is and at all times relevant herein was the founder and director of Jam On It Basketball Academy who resides in Washoe County, Nevada, and does business as JAM ON IT RENO.

4. On information and belief, Defendant JAM ON IT BASKETBALL ACADEMY, is a tax exempt non-profit organization organized under the laws of the State of Nevada, with its principle place of business in Washoe County, Nevada.

5. All Defendants DOE and ROE are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction.

6. Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITES I through X are unknown at this time, and may be individuals, partnerships or corporations. Plaintiff alleges that each of the Defendants designated herein as DOE or ROE are athletes, participants or others who stood to enjoy or otherwise benefit directly or indirectly from the use of the subject basketball floors. Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

## JURISDICTION AND VENUE

7. This declaratory judgment action is brought under United States Code, Title 28, Section 2001, the Federal Declaratory Judgments Act and Federal Rules Rule of Civil Procedure 57, Declaratory Judgments.

8. Jurisdiction in this matter is based on diversity of citizenship, 28 U.S.C. §1332, in that there is complete diversity of citizenship and that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

9. All the facts and circumstances that give rise to the subject lawsuit occurred in Washoe County, State of Nevada.

//
//

COMPLAINT FOR DECLARATORY RELIEF
- Page 2 of 5 -

## GENERAL ALLEGATIONS

10. On or about March 1, 2006, Defendant JC'S XPRESS, INC. applied for and was issued a Commercial Lines policy of insurance for its trucking business by Plaintiff GREAT WEST CASUALTY COMPANY through an agent who was licensed to sell insurance in Nevada. GREAT WEST CASUALTY COMPANY assigned JC'S XPRESS, INC.s policy number GWP12705D. The effective date of coverage was from March 1, 2006. The policy was scheduled to expire March 1, 2007. The policy of insurance took effect with the payment of the policy premium. The policy provided Commercial General Liability Coverage in the amount of $1,000.000. The Policy included Trucker's Liability Coverage in the amount of $45,000. The policy provided Cargo Coverage in the amount of $100.00 per auto, and $200,000 per loss.

11. On or about May 8, 2006, Defendants reported a claim to GREAT WEST CASUALTY COMPANY regarding damage to portable wooden basketball floors that were owned by MATT WILLIAMS dba JAM ON IT RENO and / or JAM ON IT BASKETBALL ACADEMY, INC.

12. WILLIAMS, JAM IT ON RENO and/ or JAM IT ON BASKETBALL ACADEMY, INC. alleged that the portable wooden basketball floors were exposed to water while the courts were in the custody or care of the insured JC'S XPRESS, INC. sometime prior to May 1, 2006.

13. Ultimately, based upon its investigation, GREAT WEST CASUALTY COMPANY determined to pay and has paid to MATT WILLIAMS the cargo loss which amounted to $119,000.00.

14. On April 29, 2008, WILLIAMS and JAM ON IT BASKETBALL ACADEMY, INC. filed suit in the Second Judicial District Court, in and for Washoe County, State of Nevada, alleging that JC'S EXPRESS, INC damaged the floors by either a breach of contract, or by negligence. The case is styled *Jam On It Basketball Academy, Inc. et al v. J.C.'s Express, Inc.*, Case No. CV08 01129. WILLIAMS and JAM ON IT BASKETBALL ACADEMY, INC. prayed for general and damages in excess of $10,000.00, costs of suit, interest and other relief

1  that the court deems just and proper. The suit was exempted from the Court-Annexed
2  Mandatory Arbitration Program on July 14, 2008.

3      15.    Based upon its further investigation and a review of the allegations contained in
4  the subject complaint, GREAT WEST CASUALTY COMPANY concluded that under the
5  Commercial General Liability portion of the policy that there was no coverage for any further
6  damages, including but not limited to consequential damages claimed as a result of the loss of
7  use of the basketball courts by their owner and by athletes, participants, sponsors and or others
8  who stood to enjoy or profit from their use. In addition, Plaintiff determined that although
9  additional coverage may be excluded under the Trucker's Liability portion of the policy, that
10 state law may obligate GREAT WEST CASUALTY COMPANY to provide minimum policy
11 property damage liability coverage. Based upon its investigation, Plaintiff GREAT WEST
12 CASUALTY COMPANY issued a letter to the insured J.C.'s EXPRESS, INC. The letter denied
13 coverage under the Commercial General Liability portion of the policy. In the letter, the Plaintiff
14 also reserved it rights under the Trucker's Liability portion of the policy.

### FIRST CAUSE OF ACTION
### (Declaratory Relief)

17     16.    Plaintiff incorporates by reference all allegations contained in Paragraphs 1
18 through 15 of this Complaint.

19     17.    Pursuant to United States Code, Title 28, Section 2001, the Federal Declaratory
20 Judgments Act and Federal Rules Rule of Civil Procedure 57, Declaratory Judgments GREAT
21 WEST CASUALTY COMPANY seeks a declaration of the duties, rights and interests of the
22 parties as related to this dispute.

23     18.    Plaintiff has been obligated to retain counsel to represent it to prosecute this
24 matter.

25     WHEREFORE, Plaintiff GREAT WEST CASUALTY COMPANY expressly reserves
26 the right to amend this Complaint for Declaratory Relief at the time of the trial of the action
27 herein to include all damages not yet ascertained, and prays for declaratory judgment against the
28 Defendants, and each of them, as follows:

1. A declaration of the Court that an effective policy of insurance existed between Plaintiff and Defendant JC'S XPRESS, INC on the subject date of loss and the rights, duties and responsibilities of the parties in relation to that policy of insurance;

2. A declaration of the Court that Plaintiff has satisfied its duties and responsibilities to any and all parties to this action under the cargo provisions of the policy via its payment of $119,000.00 for damage to the floors.

3. A declaration as to whether Plaintiff owes Defendants any duty to indemnify them for any damages related to the subject loss under either the Commercial General Liability or the Trucker's Liability portions of the policy and if a duty to indemnify exists, the extent of that duty;

4. A declaration as to whether Plaintiff owes Defendant JC'S XPRESS, INC. a duty to defend in any action brought by WILLIAMS, JAM ON IT RENO, JAM ON IT BASKETBALL ACADEMY, INC., or by any athletes, participants, sponsor or others who stood to enjoy or benefit directly or indirectly from the use of the floors;

5. Attorney's Fees;

6. Costs of this action; and,

7. For such other and further relief as the Court deems just and proper in these premises.

DATED this _____ day of December, 2008.

MILLS & ASSOCIATES

_____
MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
3650 North Rancho Drive, Suite 114
Las Vegas, Nevada 89130
Attorney for Plaintiff,
Great West Casualty Company